UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS MELENDEZ,

                Plaintiff,

-against-

OFFICER CARTER; DR. SALWA KHOURI;
SGT. ELLIS; SGT. CIMORELLI;
CLASSIFICATION SGT.; SGT. EHLERS;
OFFICER PULLEN

                Defendants.

20-CV-113 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently incarcerated in Coxsackie Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, while he was detained in the Orange County Jail, Defendants violated his constitutional rights. By order dated February 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

      On February 13, 2020, the Court issued an Order directing the Orange County Attorney, who is the attorney for and agent of the Orange County Correctional Facility, to ascertain the identity of the Classification Sgt. whom Plaintiff sought to sue in the Complaint, (Doc. 2), and the address where the Defendant may be served, and to provide this information to Plaintiff and the Court within sixty days under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). I directed Plaintiff to file an Amended Complaint naming the John Doe Defendant within thirty days of receiving that information. (Doc. 8.) I also indicated that the Court would screen the Amended

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service. (*Id.*)

On March 18, 2020, Chief Assistant County Attorney Pierce advised the Court and Plaintiff that while "there is no sergeant that is assigned to oversee the classifications of inmates at [Orange County Correctional Facility]," Officer Andrew Pullen classified Plaintiff when he entered the facility on October 10, 2019. (Doc. 14.) Plaintiff requested an extension of time to file the Amended Complaint, (Doc. 18), which I granted, giving Plaintiff until May 18, 2020 to file, (Doc. 19). On April 22, 2020, Plaintiff filed the Amended Complaint and named Officer Pullen. (Doc. 23.)

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the Amended Complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding

IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Pullen, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant Pullen.

Plaintiff must continue to notify the Court in writing if Plaintiff's address changes, and he is reminded that the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.  An information package was previously mailed to Plaintiff.  (Doc. 9.)

The Clerk of Court is further instructed to issue a summons and complete the USM-285 forms with the address for Officer Pullen, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: July 22, 2020  
      White Plains, New York

SO ORDERED.

_____  
CATHY SEIBEL, U.S.D.J.

## DEFENDANT AND SERVICE ADDRESS

1. Officer Andrew Pullen
   Orange County Correctional Facility
   110 Wells Farm Road
   Goshen, New York 10924